| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE ILENE LAZARUS,<br><br>  Petitioner,<br>  v.<br>MOLLY HILL, Warden,<br><br>  Respondent. | Case No. 5:18-cv-00718-VBF-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. The Court also has reviewed Petitioner's objections to the Report and Recommendation, which Petitioner filed on January 8, 2021 ("Objections"). (Objs., ECF No. 22.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

First, Petitioner objects to the Magistrate Judge's determination that the California Court of Appeal's February 8, 2018 order denying habeas relief, rather than the Los Angeles Superior Court's October 20, 2017 decision, was the last reasoned state court decision on Petitioner's claim for purposes of federal habeas

review pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally Wilson v. Sellers*, __ U.S. __, 138 S. Ct. 1188, 1192–97 (2018). (*See* Objs. 8–10.)[1] The Magistrate Judge reasoned as follows:

> Here, both Petitioner and Respondent state that the Los Angeles County Superior Court's October 20, 2017 order denying habeas relief is the relevant state court decision for purposes of AEDPA review. (Pet. 35; Return 12.) However, the United States Court of Appeals for the Ninth Circuit has held that a summary order that includes citations to authority should be treated as a "reasoned" decision for purposes of AEDPA review so long as the rationale for the state court's decision can be discerned. *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) ("We have no cause to treat a state court's summary order with citations as anything but a 'reasoned' decision, provided that the state court's references reveal the basis for its decision."). This is consistent with the Supreme Court's definition of an "unexplained" order as "an order whose text or accompanying opinion does not disclose the reason for the judgment." *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991); *accord Wilson*, 138 S. Ct. at 1192 (stating that an unexplained decision "may consist of a one-word order, such as 'affirmed' or 'denied.'"). In *Curiel*, the Ninth Circuit concluded that the California Supreme Court's summary order citing *Duvall* and another case was the last reasoned state court decision, showing that the California Supreme Court had denied the habeas petition on the merits rather than as untimely, as the Superior Court and Court of

---

[1] Pinpoint citations of the parties' filings in this Order refer to the page numbers appearing in the ECF-generated headers.

> Appeal had done. 830 F.3d at 870–71. Here, the Court of Appeal's February 8, 2018 Order denying habeas relief cited *Duvall* and stated that "[t]he petition is denied for failure to demonstrate entitlement to the requested relief." (LD 13.) Thus, the Court treats this order as the relevant state court decision for purposes of AEDPA review.

(Rep. & Recommendation, ECF No. 21, at 17–18.)

Petitioner argues that *Curiel* does not apply here because the Los Angeles Superior Court did not deny Petitioner's claim as time-barred, but rather rejected her claim on the merits. (Objs. 17–18.) However, by its citation to *Duvall*, the California Court of Appeal rejected Petitioner's claim at the prima facie stage (i.e., assuming Petitioner's allegations to be true) rather than adopting the Los Angeles Superior Court's finding that Petitioner presented insufficient evidence of intentional delay. *See People v. Duvall*, 9 Cal. 4th 464, 474–75 (1995) ("An appellate court receiving such a petition evaluates it by asking whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief. If no prima facie case for relief is stated, the court will summarily deny the petition." (internal citations omitted)). (*See* LD 13, ECF No. 13-20.) Thus, although the procedural history of Petitioner's state habeas proceedings differs from *Curiel*, the Ninth Circuit's reasoning in *Curiel* applies here because the Court of Appeal's citation to *Duvall* signifies that it did not rest its decision upon the same grounds as the Los Angeles Superior Court. *See Curiel*, 830 F.3d at 870 ("We have no cause to treat a state court's summary order with citations as anything but a 'reasoned' decision, provided that the state court's references reveal the basis for its decision.").

Next, Petitioner reiterates her challenges to the Los Angeles Superior Court's decision, arguing that the Superior Court unreasonably applied United States Supreme Court precedent to hold that a due process challenge requires intentional

3

delay for the purpose of gaining a tactical advantage, made an objectively unreasonable factual determination that she did not present sufficient evidence of intentional delay, and erred by resolving the weight and credibility of Petitioner's evidence without first holding an evidentiary hearing. (Objs. 10–15, 17–22, 24–27.) However, as explained in the Report and Recommendation (Rep. & Recommendation 40), the Court of Appeal did not incorporate the Superior Court's factual findings or its reasoning and this Court thus reviews the Court of Appeal's decision in isolation, *see Barker v. Fleming*, 423 F.3d 1085, 1093 (9th Cir. 2005) (holding that "the federal court should review the last decision in isolation and not in combination with decisions by other state courts").

Next, Petitioner argues that the sole purpose of the Los Angeles Police Department's ("LAPD") alleged cover-up of her murder of Sherri Rasmussen was to protect the LAPD (Objs. 14–15), objecting to the Magistrate Judge's statement that "[e]ven accepting Petitioner's allegations of a cover-up as true, the LAPD's intentional delay for the purpose of *protecting* Petitioner and avoiding embarrassment would be very different from an intentional delay undertaken to gain advantage over Petitioner at trial[,]" (Rep. & Recommendation 36). However, setting aside for the moment that there no evidence that the LAPD's sole motivation was to protect the LAPD itself, Petitioner's argument overlooks that these potential motivations are not mutually exclusive: had the alleged cover-up been successful, it would have both protected Petitioner from prosecution for Ms. Rasmussen's murder *and* protected the LAPD from the embarrassment of having one of its officers prosecuted for murder. Either way, there is no evidence that the LAPD's motivation was to gain an advantage over Petitioner at trial.

In this regard, Petitioner repeats her argument that to prevail on a due process claim, she need not show that her prosecution was delayed for the purpose of gaining a tactical advantage at trial, but instead must only show that the delay was

intentional and that she suffered prejudice as a result. (Objs. 14–15, 24–27.) However, to obtain federal habeas relief under AEDPA, Petitioner must show that the California Court of Appeal's decision was either contrary to, or involved an unreasonable application of, United States Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). As discussed in the Report and Recommendation (*see* Rep. & Recommendation 20–22, 35–36), the Supreme Court has explicitly declined to lay out a specific standard for adjudicating due process claims based on pre-accusation delay, *see United States v. Lovasco*, 431 U.S. 783, 796–97 (1977); *United States v. Marion*, 404 U.S. 307, 324 (1971). Instead, the Supreme Court generally has instructed courts to "consider the reasons for the delay as well as the prejudice to the accused," taking into account "fundamental conceptions of justice" and "the community's sense of fair play and decency." *Lovasco*, 431 U.S. at 790. As the Magistrate Judge reasoned (*see* Rep. & Recommendation 35–36), Petitioner has not shown that the California Court of Appeal's denial of habeas relief was contrary to or involved an objectively unreasonable application of the Supreme Court's decisions in *Lovasco* or *Marion*.

      In any event, Petitioner has failed to establish actual prejudice stemming from the delay in this case, as required to obtain relief. *See Marion*, 404 U.S. at 325–26 (holding that there was no due process violation in part because the defendants did not allege or prove "actual prejudice"—as opposed to speculative assertions regarding a possibility of prejudice at trial); *see also Lovasco*, 431 U.S. at 790 ("[P]roof of prejudice is generally a necessary but not sufficient element of a due process claim" in cases of pre-accusation delay). On the issue of prejudice, Petitioner reiterates her argument that the state courts found evidence of plausible prejudice during her criminal proceedings. (Objs. 16–17, 24.) However, as discussed in the Report and Recommendation, the state courts' specific factual findings do not come close to meeting the federal standard for *actual* prejudice, as

opposed to the more lenient state law plausible prejudice standard.  (*See* Rep. & Recommendation 36–39.)

Finally, Petitioner argues that she is entitled to an evidentiary hearing in order to present evidence of the LAPD's allegedly intentional delay.  (Objs. 23.)  However, even assuming Petitioner's factual allegations on this issue to be true, she would not be entitled to federal habeas relief for the reasons discussed above and expanded upon in the Report and Recommendation.  Accordingly, Petitioner's request for an evidentiary hearing is denied.  *See Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (holding that to earn the right to an evidentiary hearing, a petitioner is "required to allege specific facts which, if true, would entitle [her] to relief." (quoting *United States v. Mullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation.  The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED:  April 22, 2021            /s/ Valerie Baker Fairbank

_____
Hon. VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE